# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

**In re MAGUS JAMYE REFICUL AHNEND,**
　　　　　Petitioner.　　　　Case Number: _____

---

Arising from:
**United States District Court, Southern District of West Virginia**
**Beckley Division**
Civil Action Nos. 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291
Hon. Frank W. Volk, Chief United States District Judge

---

**EMERGENCY PETITION FOR WRIT OF MANDAMUS**
**PURSUANT TO 28 U.S.C. § 1651 AND FED. R. APP. P. 21**
**COMPELLING CHIEF JUDGE FRANK W. VOLK TO PERFORM HIS**
**MANDATORY DUTY UNDER 28 U.S.C. § 636(b)(1) AND FED. R. CIV. P. 72**
**TO RULE ON PENDING OBJECTIONS ACROSS ALL THREE CIVIL ACTIONS**

---

**Magus Jamye Reficul Ahnend,**
Petitioner Pro Se

v.

**Honorable Frank W. Volk**

Chief United States District Judge

United States District Court, Southern District of West Virginia

110 North Heber Street, Beckley, WV 25801

**FILED**

JUN 5 2026

U.S. Court of Appeals
Fourth Circuit

--5:26cv00199--

Defendant No. 1

Trooper Jacob Massile

105 Pinecrest Dr, Beckley, WV 25801

Beckley, WV 25801


Defendant No. 2

Robert Dunlap, Esq.

208 Main Street

Beckley, WV 25801


Defendant No. 3

Alexandra Miller, Esq.

214 Main Street

Beckley, WV 25801


Defendant No. 4

Rachael L. Fletcher Cipoletti

4700 MacCorkle Avenue, S.E., Suite 1200

Charleston, WV 25304


Defendant No. 5

Tomi Peck

Job or Title: Magistrate

222 Main Street

Beckley, WV 25801


Defendant No. 6

Michael Froble

222 Main Street

Beckley, WV 25801

Defendant No. 7

Greg Duckworth

116 1/2 North Heber Street

Beckley, WV 25801

Defendant No. 8

Christina Kostenko, Esq.

208 Main Street

Beckley, WV 25801

Defendant No. 9

Tim Deems

222 Main Street

Beckley, WV 25801

Defendant No. 10

Patsy Lamp

12 Christie Lane.

Beckley, WV 25801

Defendant No. 11

Alice R. McClure

220 N. Kanawha Street, Suite 1

Beckley, WV 25801

**--5:26cv00281--**

Defendant No. 1

Sheila Johnson

169 Industrial Dr.

Beckley, WV 25801

Defendant No. 2

Jeannie Campbell

232 Industrial Dr.

Beckley, WV 25801

Defendant No. 3

Robert Donelow

232 Industrial Dr.

Beckley, WV 25801

Defendant No. 4

Gavin G. Ward

301 S. Heber St.

Beckley, WV 25801

Defendant No. 5

Judge Matthew Fragile

169 Industrial Dr.

Beckley, WV 25801

Defendant No. 6

Officer Zachary Blosser

501 Neville St.

Beckley, WV 25801

**--5:26cv00291--**

Defendant No. 1

Todd Houck

105 Guyandote Ave

Mullens, WV 25882

Defendant No. 2

Ocie Helton

Job or Title: Unknown

1043 Ragland Rd.

Beckley, WV 25801

Defendant No. 3

Michael Froble

222 Main St.

Beckley, WV 25801,

REAL PARTIES IN INTEREST,

_____

**EMERGENCY CERTIFICATE OF IMMEDIATE AND IRREPARABLE HARM**

Petitioner certifies pursuant to this Court's inherent authority and 28 U.S.C. § 1651 that this Petition presents an emergency requiring the immediate personal attention of a panel of this Court. Ordinary procedural timelines cannot be observed without causing the irreversible harm this Petition seeks to prevent.

Chief Judge Frank W. Volk has not ruled on a single filing directed to him across three simultaneously active federal civil rights cases. His oldest pending objections — dispositive recommendations of dismissal with prejudice — have been before him for thirty-four days without response. Active litigation deadlines are approaching while unresolved objections affect the procedural posture of the case. Defendants in Case 5:26-cv-00281 were served May 27, 2026. Their answers are due June 17, 2026. Petitioner must respond to those answers without electronic court access, without counsel, and without ADA accommodation — all wrongfully denied and all awaiting the ruling Chief Judge Volk has not issued. This Court is respectfully asked to act before June 17, 2026.

## I. INTRODUCTION AND NATURE OF THE PETITION

This is an original proceeding under 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21. It is not an appeal. No final judgment has been entered in any of the three underlying civil actions. Petitioner does not ask this Court to review any merits ruling, to direct any outcome, or to vacate any order. Petitioner asks this Court to compel Chief Judge Frank W. Volk of the United States District Court for the Southern District of West Virginia to perform his mandatory, non-discretionary duty: to rule on timely-filed objections that have been sitting on his docket, unaddressed, for up to thirty-four days, while the three civil actions beneath them deteriorate in ways that cannot be undone.

Petitioner Magus Jamye Reficul Ahnend is a pro se litigant. He has terminal Chronic Eosinophilic Leukemia requiring monthly chemotherapy. He has Autism Level 1/Savant Syndrome and ADHD. He has been recognized as disabled by the Social Security Administration since February 15, 2010. He has no counsel. He has no CM/ECF electronic filing access — it was removed by verbal

directive without order, notice, or hearing. He has no ADA accommodation. He hand-delivers every filing to the courthouse in Beckley. He is managing three simultaneously active federal civil rights cases under these conditions, with an answer deadline fifteen days away in one of them.

The three civil actions share common legal questions and overlapping actors but arise from distinct injuries:

*Civil Action No. 5:26-cv-00199, Ahnend v. Kostenko et al.*

This action arises from Petitioner's arrest on December 20, 2024, custodial interrogation by WV State Trooper Jacob Massile without Miranda warnings, a coerced statement, and subsequent false reporting conviction in Magistrate Court Case No. 24-M41M-07528. The complaint documents: assault charges against Petitioner's attacker dismissed through an unauthorized phone call recorded as 'By Phone' in the docket; a protection order denial absent from the public judicial registry — a shadow docket entry; Circuit Court Judge Michael Froble's refusal to designate the protection order as domestic violence; appointed counsel Alexandria Miller's failure to file suppression motions and disengagement through an unsigned, unserved letter; retained counsel Christina Kostenko's destruction of Petitioner's complete case file on the day final hearing closed — via email stating she had deleted all discovery and would shred the file at end of business; attorney Robert Dunlap's acquisition of Petitioner's confidential defense materials then his appearance as counsel for the aggressor; the West Virginia Office of Disciplinary Counsel's failure to act; and a pattern of judicial record falsification by Magistrates Peck and Deems creating a shadow docket that excluded critical proceedings from the public registry. The action names ten defendants and asserts claims under 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments, the ADA, and the Rehabilitation Act.

*Civil Action No. 5:26-cv-00291, Ahnend v. Houck et al.*

This action arises from the fraudulent foreclosure and forced sale of Petitioner's home at 205 Maplewood Lane, Beckley, West Virginia. Petitioner acquired the property by Warranty Deed dated May 13, 2022 (Book 5076, Page 4018). On April 10, 2024, Daniel McMillion conveyed all interest to Petitioner by Quitclaim Deed (Book 5082, Page 7829), accompanied by a sworn Property Transfer Affidavit — executed by Defendant Ocie Helton herself — certifying no encumbrances at conveyance. The Raleigh County Assessor confirmed no mortgage lien on the current deed. Defendant G. Todd Houck had no trustee authority prior to July 15, 2025. On August 5, 2025, Houck issued a Notice of Trustee's Sale without a prior Notice of Default and without the mandatory ten-day cure period required by W. Va. Code § 46A-2-106 and Dennison v. Jack, 172 W. Va. 147 (1983). The payoff demanded was $58,786.74 plus taxes Petitioner had already paid. The Deed of Trust itself lists the borrower address as 206 Maplewood Lane — not 205. The foreclosure sale occurred September 8, 2025. Petitioner was forcibly removed from his home, losing a residence valued at $130,000.00 and personal property valued at $27,500.00. Claims are asserted under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments, ADA Title II, the Rehabilitation Act, and West Virginia property law.

*Civil Action No. 5:26-cv-00281, Ahnend v. Johnson et al.*

This action arises from the City of Beckley's municipal code enforcement campaign against Petitioner's property at 205 Maplewood Lane — the same property subject to fraudulent foreclosure in Case 5:26-cv-00291. The complaint documents: code enforcement citations issued May 23, 2025 for Case No. 20250249 citing overgrown vegetation; hearings conducted June 25 and August 21, 2025 before Defendant Judge Matthew Fragile at which Petitioner received no

valid notice and was not present; orders drafted by Defendant Gavin G. Ward (WV Bar No. 12301), City of Beckley outside counsel, and signed by Defendant Fragile, directing agents to enter and clear the property and directing the Beckley Police Department to take Petitioner into custodial arrest if he attempted to exercise his right to object; the September 15, 2025 warrantless entry of 205 Maplewood Lane by agents under Defendant Jeannie Campbell's direction, accompanied by Defendant Zachary Blosser of the Beckley Police Department stationed at the driveway to prevent Petitioner's objection; commercial clearing of the rear two-acre wooded slope never identified in any citation, notice, or order; the removal of black walnut logs valued at $1,500 to $2,000 without consent or court authority; and Defendant Campbell's on-the-record statement: 'I mean, that's their payment if that's what it wants to be.' The action names six defendants and asserts claims under 42 U.S.C. §§ 1983 and 1985(3), the Fourth and Fourteenth Amendments, ADA Title II, and the Rehabilitation Act. Six defendants were served May 27, 2026. Answers are due June 17, 2026.

## II. JURISDICTION

This Court has original jurisdiction to issue the requested writ under 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21. Three elements are required for mandamus: (1) the petitioner has a clear and indisputable right to relief; (2) the respondent has a clear duty to act; and (3) no other adequate means exists to obtain that relief. Cheney v. United States Dist. Court, 542 U.S. 367, 380-81 (2004). All three elements are present, as set forth in Section IV below.

## III. FACTUAL BACKGROUND

### A. The Referred Magistrate and His Documented Conduct

All three civil actions were referred by standing order to Magistrate Judge Omar J. Aboulhosn. In

January 2014, the West Virginia Judicial Investigation Commission publicly admonished Magistrate Aboulhosn by 8-0 vote for issuing a sua sponte Order of Seizure directing law enforcement to enter a litigant's home and seize 'any and all personal property of value' without motion, hearing, or adversarial process. The Commission found he had 'discarded his cloak of neutrality and fairness,' acted on 'personal factors,' and that 'judges are not free to bully from the bench.' He was warned to refrain from similar conduct in the future. JIC Complaint No. 91-2013. Petitioner contends that the conduct described below reflects concerns similar to those identified in the Commission's 2014 admonishment.

On March 17, 2026, before any defendant had appeared in Case 5:26-cv-00199, Magistrate Aboulhosn issued a sua sponte sealing order and read Petitioner's complete medical records in private — the identical triggering act he identified in his own 2012 voluntary recusal. Forty-two days later, on April 28, 2026, he extracted specific clinical language from those sealed records — 'easily maintained rapport,' 'ambulatory,' 'without pain medication' — and used it adversarially in Footnote 17 of his PF&R to undermine Petitioner's ADA claims, while those records remained under his own seal.

### B. The PF&Rs in Cases 00199 and 00291

On April 28, 2026, in Case 5:26-cv-00199, Magistrate Aboulhosn issued a Proposed Findings and Recommendation recommending denial of IFP and dismissal with prejudice under 28 U.S.C. § 1915(e)(2). He found Petitioner 'failed to allege a disability' despite holding a fifteen-year SSA disability determination. He characterized documented factual allegations — supported by audio recordings, court orders, and defendants' own emails — as 'meandering, verbose,' 'delusional or fantastic scenarios,' and 'patently ridiculous.' He raised and adjudicated affirmative defenses for all

ten defendants, none of whom had appeared: absolute judicial immunity, color of law, supervisory liability bar, Heck v. Humphrey, and Rooker-Feldman. No defendant filed a single document. He issued an unauthorized Rule 11 sanction threat without the mandatory show-cause order of Rule 11(c)(3), without the 21-day safe harbor of Rule 11(c)(2), and without the separate-order requirement of Rule 11(c)(4).

On April 29, 2026 — one day later — he issued a second PF&R in Case 5:26-cv-00291, recommending IFP denial and dismissal with prejudice using the same SSA letter. He raised and adjudicated Younger abstention, Rooker-Feldman, and the preliminary injunction standard for three defendants who had not appeared. On the same day, he denied Petitioner's ADA accommodation motion as 'moot' — citing his own same-day PF&R — while the fourteen-day objection period was open.

## C. The Jurisdictional Question in Case 00281

On May 1, 2026, Petitioner filed a timely Motion for Recusal with a § 144 affidavit of personal bias in Case 5:26-cv-00281. The Fourth Circuit has held that upon the filing of a timely and legally sufficient affidavit, 'the judge against whom it is directed has no jurisdiction to do anything except refer it to another judge.' Sine v. Local No. 992, Int'l Brotherhood of Teamsters, 730 F.2d 964, 966 (4th Cir. 1984). Magistrate Aboulhosn did not refer. He entered seven subsequent orders in Case 5:26-cv-00281, including ECF No. 6 (self-denial of recusal), ECF No. 7 (denial of ADA accommodation), ECF Nos. 11 and 13 (consolidation denials), ECF No. 16 (IFP grant and Marshal service order), ECF No. 17 (summons to six defendants), and ECF No. 18 (denial of pro bono counsel). Whether those orders are void ab initio under Sine is a legal question that Chief Judge Volk is required to decide on de novo review of Petitioner's pending objections. He has not decided

it.

## D. *The Irreconcilable Disability Findings*

The following four positions were taken by the same magistrate judge regarding the same plaintiff and the same SSA Benefit Verification Letter within twenty-one days:

April 28, 2026 — Case 00199 ECF No. 11: 'Plaintiff failed to allege that he has a disability.' IFP denied. Dismissal with prejudice recommended.

April 29, 2026 — Case 00291 ECF No. 6: Same finding. IFP denied. Dismissal with prejudice recommended. One day later.

May 6, 2026 — Case 00281 ECF No. 7: Plaintiff's filing quality called 'ironic' given the disability accommodation request.

May 19, 2026 — Case 00281 ECF No. 16: IFP granted. Complaint found non-frivolous. U.S. Marshal service ordered. Same SSA letter. Same plaintiff. No explanation.

These four positions are irreconcilable. Whether that irreconcilability satisfies the judicial estoppel doctrine recognized in New Hampshire v. Maine, 532 U.S. 742, 749-51 (2001), is a question of law that Chief Judge Volk must address on de novo review of the pending PF&R objections. He has not addressed it.

## E. *The Service Asymmetry and Its Consequences*

On May 19, 2026 — entered on the same day the Fourth Circuit Judicial Council received and docketed Complaint No. 04-26-90079 against Magistrate Aboulhosn — ECF Nos. 16, 17, and 18 were entered in Case 5:26-cv-00281. Pursuant to ECF Nos. 16 and 17, the United States Marshals

Service served all six defendants in Case 5:26-cv-00281 on May 27, 2026. Those defendants include Gavin G. Ward, a licensed West Virginia attorney (WV Bar No. 12301), with professional access to the Raleigh County legal community in which unserved defendants in Cases 5:26-cv-00199 and 5:26-cv-00291 operate. Cases 5:26-cv-00199 and 5:26-cv-00291 remain in dismissal posture. No defendant has been served in either. No evidence preservation order has been entered in any of the three cases. Defendants in Case 00281 answer June 17, 2026 — fifteen days from the date of this Petition. Petitioner must respond to those answers without electronic access, without counsel, and without ADA accommodation. Whether the service in Case 00281 was properly authorized is a question Chief Judge Volk must resolve on the pending objections before the answer deadline passes. He has not resolved it.

## F. The Complete Record of Unanswered Filings Before Chief Judge Volk

The following filings have been timely filed and directed to Chief Judge Volk. He has not ruled on a single one:

**Case 5:26-cv-00199, Ahnend v. Kostenko et al.:**

ECF No. 13 (April 29, 2026) — Objections to PF&R recommending dismissal with prejudice. Pending 34 days. The 14-day objection window expired 20 days ago.

ECF No. 14 (May 1, 2026) — Motion for Recusal and Disqualification of Magistrate Aboulhosn. Pending 32 days.

ECF Nos. 15, 16, 17 (May 8–13, 2026) — First, Second, and Third Motions to Consolidate all three cases. Pending.

ECF No. 18 (May 15, 2026) — Motion for Appointment of Pro Bono Counsel under 28 U.S.C. § 1915(e)(1). Pending.

ECF No. 19 (May 15, 2026) — Motion to Join Additional Defendant Cody Parsons III. Pending.

**Case 5:26-cv-00291, Ahnend v. Houck et al.:**

ECF No. 8 (May 1, 2026) — Objections to PF&R recommending dismissal with prejudice; Objection to ADA accommodation denial. Pending 32 days.

ECF No. 9 (May 1, 2026) — Motion for Recusal and Disqualification of Magistrate Aboulhosn. Pending 32 days.

ECF Nos. 10, 11, 12 (May 8–13, 2026) — First, Second, and Third Motions to Consolidate all three cases. Pending.

ECF No. 13 (May 15, 2026) — Motion for Appointment of Pro Bono Counsel. Pending.

**Case 5:26-cv-00281, Ahnend v. Johnson et al.:**

ECF No. 9 (May 11, 2026) — Rule 72(a) Objections to ECF Nos. 6 and 7; Motion for Default Judgment or, in the Alternative, Motion to Strike Magistrate's De Facto Defenses. Pending 22 days.

ECF No. 14 (May 13, 2026) — Rule 72(a) Objection to ECF No. 11. Pending 20 days.

ECF No. 19 (May 19, 2026) — Rule 72(a) Objection to ECF No. 13; Motion for § 1915(e) (2) Screening Finding. Pending 14 days.

ECF No. 20 (May 21, 2026) — Emergency Motion for Immediate Stay of All Proceedings in All Three Cases Pending De Novo Review of All Rule 72(a) Objections. Pending 12 days.

ECF No. 21 (May 21, 2026) — Objection to ECF No. 18; Notice of Judicial Council Complaint Proceedings. Pending 12 days.

ECF No. 22 (May 21, 2026) — Second Motion for Recusal and Disqualification of Magistrate Aboulhosn. Pending 12 days.

Chief Judge Volk has not ruled on a single one of these filings. Not one written order. Not one directive to the Magistrate. The oldest dispositive objections have been pending thirty-four days.

## IV. LEGAL ARGUMENT

### A. Petitioner Has a Clear and Indisputable Right to De Novo Review

Title 28, United States Code, Section 636(b)(1) provides that a district judge 'shall' make a de novo determination of those portions of a magistrate judge's proposed findings to which timely objection is made. Federal Rule of Civil Procedure 72(b)(3) provides that '[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.' Rule 72(a) requires the district judge to 'consider timely objections' to non-dispositive orders and 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.' These obligations are mandatory and non-discretionary. Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The right to have timely objections reviewed is a statutory entitlement that attaches the moment of filing. It is clear and indisputable.

## B. Chief Judge Volk Has a Clear, Mandatory, Non-Discretionary Duty to Rule

The statutory language is unambiguous. 'Shall.' 'Must.' These are not terms of discretion. The duty to rule on properly filed objections is ministerial — it does not depend on Volk's assessment of their merits, his view of the Magistrate's conduct, or any other predicate finding. The duty exists and is mandatory the moment a timely objection is filed. The architecture of federal procedure demands absolute symmetry: a litigant's strict adherence to the statutory fourteen-day objection period under Rule 72(b)(2) triggers an inescapable, reciprocal, and mandatory duty upon the Article III judge under Rule 72(b)(3). The Chief Judge cannot allow the Magistrate to maintain an unauthorized jurisdictional hold on Case No. 5:26-cv-00281 following a legally sufficient § 144 affidavit. By ignoring the Sine mandate, the Chief Judge is silently ratifying void orders. This is not a request for the Court to manage its docket; it is a demand that the Court exercise the jurisdiction it is legally forbidden to abandon. Chief Judge Volk has had properly filed objections in three cases for between twelve and thirty-four days. The standard objection period has been expired for twenty days on the oldest ones. His duty is clear. His failure to perform it is documented in the docket of this Court.

## C. The Delay Is Unreasonable and Produces Irreversible Harm

Courts have held that unreasonable delay in ruling on pending motions supports mandamus. The D.C. Circuit's landmark *TRAC* factors, widely cited across circuits, dictate that the 'rule of reason' governing timelines is severely compressed when human health, welfare, and constitutional rights are actively prejudiced. *See Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (holding that delays tolerable in economic spheres are intolerable when health and welfare are at stake).

Thirty-four days might constitute routine administrative friction in standard civil litigation. However, when a Pro Se litigant with terminal Chronic Eosinophilic Leukemia, operating without CM/ECF access and denied ADA accommodations, faces severe, un-tolled response deadlines of June 17, 2026, triggered by the very void orders the Chief Judge refuses to review—thirty-four days ceases to be a delay. It becomes a functional deprivation of due process.

### D. No Adequate Alternative Remedy Exists

There is no final judgment in any of the three cases Petitioner cannot appeal. He cannot compel a ruling from Magistrate Aboulhosn — that judge's jurisdiction in Case 00281 is contested in a pending objection, and his conduct across all three cases is the subject of a Judicial Council complaint. He cannot re-file objections already properly before the Court. The only mechanism available to Petitioner for obtaining the ruling to which he is statutorily entitled is this Court's supervisory authority over the district court below.

## V. RELIEF REQUESTED

Petitioner respectfully requests that this Court issue a writ of mandamus directing Chief Judge Frank W. Volk to perform his mandatory duty under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72. Specifically, Petitioner requests the following:

1. An order directing Chief Judge Volk to issue written rulings on all pending Rule 72 objections filed in Civil Action Nos. 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291 — including the objections to both PF&Rs recommending dismissal with prejudice and all objections to the Magistrate's non-dispositive orders — within a time fixed by this Court

and, given the June 17, 2026 answer deadline in Case 5:26-cv-00281, no later than June 16, 2026.

2. An order directing Chief Judge Volk to rule on Petitioner's Emergency Motion for Immediate Stay of All Proceedings (ECF No. 20 in Case 5:26-cv-00281, filed May 21, 2026) before June 17, 2026, so that Petitioner's procedural rights are not extinguished by the passage of the answer deadline before the district court has addressed the pending jurisdictional and authority questions raised in the objections.

3. An order directing Chief Judge Volk to rule on all pending Motions for Recusal and Disqualification of Magistrate Judge Aboulhosn filed across all three cases: ECF No. 14 in Case 5:26-cv-00199 (filed May 1, 2026); ECF No. 9 in Case 5:26-cv-00291 (filed May 1, 2026); and ECF No. 22 in Case 5:26-cv-00281 (filed May 21, 2026).

4. In the alternative, an order to show cause requiring Chief Judge Volk to demonstrate, within seven days of the date of that order, why the writ should not issue as to Items 1 through 3 above, with the show-cause order itself operating as a stay of further proceedings in all three cases pending Chief Judge Volk's response and this Court's determination.

5. Such other and further emergency relief as this Court deems necessary and appropriate, including temporary relief under Fourth Circuit Local Rule 21(b), to prevent irreversible harm to Petitioner's ability to participate meaningfully in active federal proceedings before June 17, 2026.

Petitioner does not ask this Court to determine the merits of the underlying objections, to direct how Chief Judge Volk should rule, or to vacate any specific order. Petitioner asks only that Chief

Judge Volk be directed to perform the duty that 28 U.S.C. § 636(b)(1) and Rule 72 impose on him:

to rule.

## VI. List of Exhibits

**Exhibit A.** United States District Court Southern District of West Virginia (Beckley) CIVIL DOCKET FOR CASE #: 5:26-cv-00199

**Exhibit B.** United States District Court Southern District of West Virginia (Beckley) CIVIL DOCKET FOR CASE #: 5:26-cv-00281

**Exhibit C.** United States District Court Southern District of West Virginia (Beckley) CIVIL DOCKET FOR CASE #: 5:26-cv-00291

## VERIFICATION

I, Magus Jamye Reficul Ahnend, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements in this Petition are true and correct to the best of my knowledge, information, and belief. Every docket entry, ECF number, date, order, and filing referenced herein is drawn from the official records of the United States District Court for the Southern District of West Virginia, Beckley Division, and is verifiable on the public docket.

Executed this 02 day of June, 2026.

_____

**MAGUS JAMYE REFICUL AHNEND**
Petitioner Pro Se

107 Murray Street, Beckley, West Virginia 25801

## CERTIFICATE OF SERVICE

I, Magus Jamye Reficul Ahnend, hereby certify that on this 02 day of June, 2026, I have served a true and correct copy of the foregoing:

**EMERGENCY PETITION FOR WRIT OF MANDAMUS**
**PURSUANT TO 28 U.S.C. § 1651 AND FED. R. APP. P. 21**
**COMPELLING CHIEF JUDGE FRANK W. VOLK TO PERFORM HIS**
**MANDATORY DUTY UNDER 28 U.S.C. § 636(b)(1) AND FED. R. CIV. P. 72**
**TO RULE ON PENDING OBJECTIONS ACROSS ALL THREE CIVIL ACTIONS**

by United States Mail, first class postage prepaid, upon:

Clerk, United States Court of Appeals for the Fourth Circuit

Lewis F. Powell Jr. United States Courthouse

1100 East Main Street, Suite 501

Richmond, Virginia 23219

## STATUTORY NOTICE REGARDING RESPONDENTS PURSUANT TO 28 U.S.C. § 1915(d):

I further certify that I am the Petitioner proceeding *pro se* and have concurrently submitted an *Application to Proceed In Forma Pauperis* (IFP). Pursuant to Federal Rule of Civil Procedure 4(c)(2), I am a party to this action and am legally barred from effecting personal service upon the named Respondent and Real Parties in Interest.

**Should IFP status be granted, all named parties—including Respondent Chief Judge Frank W. Volk and all listed Real Parties in Interest at their addresses designated in the case caption—shall be immediately issued process and served by the United States Marshals Service** pursuant to the court's mandatory statutory duty under **28 U.S.C. § 1915(d)**, or via alternative service methods as explicitly ordered by this Court.

Executed this ⟶ day of June, 2026.

MAGUS JAMYE REFICUL AHNEND

Petitioner Pro Se

107 Murray Street, Beckley, West Virginia 25801

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 21(d) and 32(g), I hereby certify that this Petition complies with the type-volume limitation because it contains **4,340 words**, excluding the parts exempted by Fed. R. App. P. 32(f). This document has been prepared in a proportionally spaced typeface using LibreOffice in 12-point Times New Roman.

Executed this ⟶ day of June, 2026.

**MAGUS JAMYE REFICUL AHNEND**
Petitioner Pro Se

107 Murray Street, Beckley, West Virginia 25801

# EXHIBIT A

WVSD NexiGen CM/ECF Release 1.7.1

**Query**     **Reports**     **Utilities**     **Help**     **Log Out**

25BG,LC-3

# United States District Court
## Southern District of West Virginia (Beckley)
## CIVIL DOCKET FOR CASE #: 5:26-cv-00199

Ahnend v. Kostenko et al
Assigned to: Chief Judge Frank W. Volk
Referred to: Magistrate Judge Omar J. Aboulhosn
Demand: $50,000,000
Cause: 42:1983 Civil Rights Act

Date Filed: 03/16/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Magus Jamye Reficul Ahnend**
*TERMINATED: 03/27/2026*

represented by **Magus Jamye Reficul Ahnend**
107 Murray Street
Beckley, WV 25801
681-296-7304
PRO SE

**Plaintiff**

**Magus JR Ahnend**

represented by **Magus JR Ahnend**
107 Murray Street
Beckley, WV 25801
681-296-7304
PRO SE

V.

**Defendant**

**Christina Kostenko**
*Esq., Attorney at Law, In her Individual and Official Capacity*

**Defendant**

**Robert Dunlap**
*Esq. Attorney at Law, in his Individual and Official Capacity*

**Defendant**

**Alexandra McCloud**
*(Miller) Esq. Public Defender, in her Individual and Official Capacity*
*TERMINATED: 03/27/2026*

**Defendant**

**Public Defender Services**
*Beckley Office (Eighth Judicial Circuit)*
*State Public Defender Agency, in its Official*

*Capacity*
*TERMINATED: 03/27/2026*

### Defendant

**West Virginia State Bar Association**
*State Regulatory Agency, in its Official*
*Capacity*
*TERMINATED: 03/27/2026*

### Defendant

**Tomi Peck**
*Magistrate, in her Inidividual and Official*
*Capacity*

### Defendant

**Michael Froble**
*Circuit Court Judge, in his Individual and*
*Official Capacity*

### Defendant

**The County Commission of Raleigh
County**
*a Political Subdivision, in its Official*
*Capacity*
*TERMINATED: 03/27/2026*

### Defendant

**West Virginia Office of Disciplinary
Counsel**
*(ODC) State Regulatory Agency, in its*
*Official Capacity*
*TERMINATED: 03/27/2026*

### Defendant

**Trooper Massile**
*West Virginia State Trooper, in his*
*Individual and Official Capacity*
*TERMINATED: 03/27/2026*

### Defendant

**Tim Deems**
*Magistrate, in his Individual and Official*
*Capacity*

### Defendant

**Alexandria Miller**
*Esq. Public Defender, in her Individual and*
*Official Capacity*

### Defendant

**Rachael L. Fletcher Cipoletti**
*Chief Lawyer, Disciplinary Counsel, in her*
*Individual and Official Capacity*

**Defendant**

**Dave Tolliver**
*President of the Raleigh County*
*Commission, in his Individual and Official*
*Capacity*

**Defendant**

**Jacob Missile**
*WV State Trooper, in his Individual and*
*Official Capacity*

**Defendant**

**Patsy Lamp**
*Attorney/Former Magistrate, Raleigh*
*County (Served Mar 8 - December 31,*
*2024) in her Individual and Official*
*Capacity*

**Defendant**

**Alice McClure**
*Case Coordinator with The Office of the*
*Public Defender, in her Individual and*
*Official Capacity*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/16/2026 | 1 | APPLICATION by Magus Jamye Refucul Ahnend to Proceed without Prepayment of Fees or Costs. (msa) |
| 03/16/2026 | 2 | COMPLAINT with Jury Demand. (Attachments: # 1 Exhibit A - L, # 2 Exhibit M - Q, # 3 Exhibit R - Y, # 4 Exhibit Z - AG, # 5 Exhibit AH - AM, # 6 Exhibit AN - AQ (AQ - Thumb Drive), # 7 Proposed Summonses (10), # 8 Civil Cover Sheet) (Thumb drive maintained in Clerk's Office) (msa) (Modified on 3/17/2026 to remove sealed exhibits from exhibit 3 pursuant to #4 Order) (msa). |
| 03/16/2026 | 3 | STANDING ORDER IN RE: ASSIGNMENT AND REFERRAL OF CIVIL ACTIONS AND MATTERS TO MAGISTRATE JUDGES ENTERED SEPTEMBER 1, 2024. This case is referred to Magistrate Judge Omar J. Aboulhosn for Findings of Fact and Recommendations for disposition. (cc: counsel of record; any pro se party) (msa) |
| 03/16/2026 |  | CASE assigned to Chief Judge Frank W. Volk. (klc) (Entered: 03/17/2026) |
| 03/17/2026 | 4 | ORDER directing the Clerk to file the original exhibit (ECF No. 2-3 at 23-51) to the 2 Complaint under SEAL. Signed by Magistrate Judge Omar J. Aboulhosn on 3/17/2026. (cc: Plaintiff) (msa) |
| 03/17/2026 | 5 | EXHIBITS (ECF No. 2-3 at 23-51); filed under seal pursuant to 4 Order. (msa) |
| 03/17/2026 | 6 | ORDER directing that Plaintiff has until 3/31/2026 to amend his 2 Complaint to specifically set forth his constitutional claims and state specific facts as to how each |

| | | |
|---|---|---|
| | | defendant violated his constitutional rights. Signed by Magistrate Judge Omar J. Aboulhosn on 3/17/2026. (cc: Plaintiff w/form Complaint) (msa) |
| 03/27/2026 | 7 | AMENDED COMPLAINT with Jury Demand by Magus JR Ahnend against Tim Deems, Robert Dunlap, Michael Froble, Christina Kostenko, Tomi Peck, Alexandria Miller, Rachael L. Fletcher Cipoletti, Dave Tolliver, Jacob Missile, Patsy Lamp, Alice McClure. (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C - M, # 5 Exhibit N - Z, # 6 Exhibit AA - AM, # 7 Exhibit AN - AX, # 8 Proposed Summonses) (msa) |
| 03/30/2026 | 8 | MOTION by Magus JR Ahnend to Substitute Party and Correct Defendant Designation. (Attachment: # 1 Proposed Summons Duckworth, # 2 List of Parties) Motion referred to Magistrate Judge Omar J. Aboulhosn. (msa) (Modified on 4/1/2026 to separate list of parties from main image) (ts). |
| 03/30/2026 | 9 | MOTION by Magus JR Ahnend for Leave to Register for and use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant, with Request for ADA Reasonable Accommodation. Motion referred to Magistrate Judge Omar J. Aboulhosn. (msa) |
| 04/21/2026 | 10 | PROPOSED AMENDED COMPLAINT without Jury Demand by Magus JR Ahnend against Tim Deems, Robert Dunlap, Rachael L. Fletcher Cipoletti, Michael Froble, Christina Kostenko, Patsy Lamp, Alice McClure, Alexandria Miller, Jacob Missile, Tomi Peck. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C - M, # 4 Exhibit N - Z, # 5 Exhibit AA - AM, # 6 Exhibit AN - AX, # 7 Proposed Summons) (msa) |
| 04/28/2026 | 11 | PROPOSED FINDINGS AND RECOMMENDATION recommending that the District Court DENY Plaintiff's 1 APPLICATION to Proceed without Prepayment of Fees or Costs, dismiss Plaintiff's 2 Complaint, 7 Amended Complaint and 10 Proposed Amended Complaint and remove this matter from the Court's docket. If the PF&R was served electronically, Objections are due by 5/12/2026. If the PF&R was served by mail, Objections are due by 5/15/2026. Signed by Magistrate Judge Omar J. Aboulhosn on 4/28/2026. (cc: Plaintiff - pro se) (btm) |
| 04/28/2026 | 12 | ORDER denying as moot Plaintiff's 8 MOTION to Substitute Party and Correct Defendant Designation and 9 MOTION for Leave to Register for and use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant, with Request for ADA Reasonable Accommodation. Signed by Magistrate Judge Omar J. Aboulhosn on 4/28/2026. (cc: Plaintiff - pro se) (btm) |
| 04/29/2026 | 13 | OBJECTIONS to 11 Proposed Findings and Recommendation by Magus Jamye Reficul Ahnend. (msa) |
| 05/01/2026 | 14 | MOTION by Magus JR Ahnend for Recusal and Disqualification of Magistrate Judge Omar J. Aboulhosn Pursuant to 28 U.S.C. §455(a) and 144. (msa) |
| 05/08/2026 | 15 | MOTION by Magus JR Ahnend to Consolidate Cases 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291 Pursuant to Fed. R. Civ. P. 42(a). (Attachment: # 1 Envelope) (btm) |
| 05/11/2026 | 16 | SECOND MOTION by Magus Jamye Reficul Ahnend to Consolidate cases 5:26-cv-00199, 5:26-cv-00281 and 5:26-cv-00291. (Attachment: # 1 Envelope) (msa) |
| 05/13/2026 | 17 | THIRD MOTION by Magus JR Ahnend to Consolidate Cases 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291 Pursuant to Fed. R. Civ. P. 42(a). (Attachment: # 1 Envelope) (btm) |
| 05/15/2026 | 18 | MOTION by Magus JR Ahnend for Appointment of Pro Bono Counsel Pursuant to 28 U.S.C. § 1915(e)(1). (Attachment: # 1 Envelope) (btm) |
| 05/15/2026 | 19 | MOTION by Magus JR Ahnend to Join Cody Parsons III as a Defendant Pursuant to Fed. R. Civ. P. 20(a)(2) or, in the Alternative, MOTION for Leave to Amend Complaint |

5/20/26, 3:59 PM                    WVSD NextGen CM/ECF Release 1.7.1

Pursuant to Fed. R. Civ. P. 15(a)(2). (Attachments: # 1 Proposed Summons - Cody Dale
Parsons, III, # 2 Envelope) (btm)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/20/2026 15:53:38 | | | |
| **PACER Login:** | MarcSerenitatis12 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:26-cv-00199 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

https://ecf.wvsd.uscourts.gov/cgi-bin/DktRpt.pl?734511666970885-L_1_0-1                    5/5

# EXHIBIT B

6/2/26, 12:59 AM                              WVSD NextGen CM/ECF Release 1.7.1

**Query    Reports    Utilities    Help    Log Out**

25BG,LC-2

# United States District Court
## Southern District of West Virginia (Beckley)
## CIVIL DOCKET FOR CASE #: 5:26-cv-00281

Ahnend v. Johnson et al                              Date Filed: 05/19/2026
Assigned to: Chief Judge Frank W. Volk              Jury Demand: None
Referred to: Magistrate Judge Omar J. Aboulhosn     Nature of Suit: 440 Civil Rights: Other
Cause: 42:1983 Civil Rights Act                     Jurisdiction: Federal Question

**Plaintiff**

**Magus Jamye Reficul Ahnend**          represented by   **Magus Jamye Reficul Ahnend**
                                                        107 Murray Street
                                                        Beckley, WV 25801
                                                        681-296-7304
                                                        PRO SE

V.

**Defendant**

**Sheila Johnson**
*Municipal Court Clerk/IT Administrative
Assistant*

**Defendant**

**Jeannie Campbell**
*Code Enforcement Agent*

**Defendant**

**Robert Donelow**
*Code Enforcement Officer*

**Defendant**

**Gavin G. Ward**
*Attorney at Law, State Bar #: 12301*

**Defendant**

**Matthew Fragile**
*Judge Beckley Municipal*

**Defendant**

**Zachary Blosser**
*Police Officer of the City of Beckley P.D*

| Date Filed | # | Docket Text |
|------------|---|-------------|

https://ecf.wvsd.uscourts.gov/cgi-bin/DktRpt.pl?177964146754339-L_1_0-1                    1/4

6/2/26, 12:59 AM        WVSD NexGen CM/ECF Release 1.7.1

| 04/21/2026 | 1 | APPLICATION by Magus Jamye Reficul Ahnend to Proceed in District Court Without Prepaying Fees or Costs. (Attachment # 1 Social Security Benefit Verification Letter) (btm) (Modified on 4/21/2026 to adjust document security for attachment #1) (ts). |
|---|---|---|
| 04/21/2026 | 2 | COMPLAINT without Jury Demand. (Attachments: # 1 Exhibits A - U, # 2 Proposed Summonses) (btm) |
| 04/21/2026 | 3 | MOTION by Magus Jamye Reficul Ahnend for Leave to Register for and use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant, with Request for ADA Reasonable Accommodation. (btm) |
| 04/21/2026 | 4 | STANDING ORDER IN RE: ASSIGNMENT AND REFERRAL OF CIVIL ACTIONS AND MATTERS TO MAGISTRATE JUDGES ENTERED SEPTEMBER 1, 2024. This case is referred to Magistrate Judge Omar J. Aboulhosn for Findings of Fact and Recommendations for disposition. (cc counsel of record; any pro se party) (btm) |
| 04/21/2026 | | CASE assigned to Chief Judge Frank W. Volk. (klc) (Entered: 04/22/2026) |
| 05/01/2026 | 5 | MOTION by Magus Jamye Reficul Ahnend for Recusal and Disqualification of Magistrate Judge Omar J. Aboulhosn Pursuant to 28 U.S.C. §455(a) and 144. (msa) |
| 05/06/2026 | 6 | ORDER denying Plaintiff's 5 MOTION for Recusal and Disqualification of Magistrate Judge Omar J. Aboulhosn Pursuant to 28 U.S.C. §455(a) and 144. Signed by Magistrate Judge Omar J. Aboulhosn on 5/6/2026. (cc: Plaintiff - pro se) (btm) |
| 05/06/2026 | 7 | ORDER denying Plaintiff's 3 MOTION for Leave to Register for and use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant, with Request for ADA Reasonable Accommodation. Signed by Magistrate Judge Omar J. Aboulhosn on 5/6/2026. (cc: Plaintiff at his address of record) (btm) |
| 05/08/2026 | 8 | MOTION by Magus Jamye Reficul Ahnend to Consolidate Cases 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291 Pursuant to Fed. R. Civ. P. 42(a). (Attachment: # 1 Envelope) (btm) |
| 05/11/2026 | 9 | OBJECTIONS to Magistrate Judge's 6 Order, 7 Order; MOTION for Consolidation; and MOTION for Default Judgment or, in the Alternative, MOTION to Strike Magistrate's DeFacto Defenses. (Attachments: # 1 Exhibits A - C, # 2 Exhibits D - J, # 3 Exhibits K - P) (msa) |
| 05/11/2026 | 10 | SECOND MOTION by Magus Jamye Reficul Ahnend to Consolidate Cases 5:26-cv-00199, 5:26-cv-00281 and 5:26-cv-00291. (Attachment: # 1 Envelope) (msa) |
| 05/12/2026 | 11 | ORDER denying Plaintiff's 8 MOTION and 10 SECOND MOTION to Consolidate Cases. Signed by Magistrate Judge Omar J. Aboulhosn on 5/12/2026. (cc: Plaintiff - pro se) (btm) |
| 05/13/2026 | 12 | THIRD MOTION by Magus Jamye Reficul Ahnend to Consolidate Cases 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291 Pursuant to Fed. R. Civ. P. 42(a). (Attachment: # 1 Envelope) (btm) |
| 05/13/2026 | 13 | ORDER denying Plaintiff's 12 THIRD MOTION to Consolidate Cases for the reasons set forth in the Court's previous 11 Order. Signed by Magistrate Judge Omar J. Aboulhosn on 5/13/2026. (cc: Plaintiff) (btm) |
| 05/13/2026 | 14 | OBJECTION by Magus Jamye Reficul Ahnend with Reservation of Independent Remedial Rights to Magistrate Judge's 11 Order. (btm) |
| 05/15/2026 | 15 | MOTION by Magus Jamye Reficul Ahnend for Appointment of Pro Bono Counsel Pursuant to 28 U.S.C. §1915(e)(1). (Attachment: # 1 Envelope) (msa) |

https://ecf.wvsd.uscourts.gov/cgi-bin/DktRpt.pl?177964146754339-L_1_0-1     

WVSD NexiGen CM/ECF Release 1.7.1

| | | |
|---|---|---|
| 05/19/2026 | 16 | ORDER AND NOTICE granting 1 APPLICATION to Proceed Without Prepayment of Fees and Costs; the Clerk of the Court shall issue the summons(es); the United States Marshals Service shall serve the summons(es) and complaint pursuant to Rule 4, Federal Rules of Civil Procedure. Signed by Magistrate Judge Omar J. Aboulhosn on 5/19/2026. (cc: Plaintiff - pro se) (btm) |
| 05/19/2026 | 17 | SUMMONS ISSUED by the Clerk on behalf of Magus Jamye Reficul Ahnend for Sheila Johnson, Jeannie Campbell, Robert Donelow, Gavin G. Ward, Matthew Fragile, Zachary Blosser, re: 2 Complaint, returnable 21 days. Original Summons and 1 copy delivered to U.S. Marshal Service for service. (Attachments: # 1 Summons and USM 285 - Jeannie Campbell, # 2 Summons and USM 285 - Robert Donelow, # 3 Summons and USM 285 - Gavin G. Ward, # 4 Summons and USM 285 - Matthew Fragile, # 5 Summons and USM 285 - Zachary Blosser) (btm) |
| 05/19/2026 | 18 | ORDER denying Plaintiff's 15 MOTION for Appointment of Pro Bono Counsel Pursuant to 28 U.S.C. §1915(e)(1). Signed by Magistrate Judge Omar J. Aboulhosn on 5/19/2026. (cc: Plaintiff - pro se) (btm) |
| 05/19/2026 | 19 | OBJECTION by Magus Jamye Reficul Ahnend to Magistrate Judge's Second 13 Order with MOTION for Finding that the Complaint Survives 28 U.S.C. § 1915(e)(2) Screening and for Reassignment and in the Alternative, Proposed Findings and Recommendation. (Attachment: # 1 Envelope) (btm) |
| 05/21/2026 | 20 | EMERGENCY MOTION by Magus Jamye Reficul Ahnend for Immediate Stay of All Proceedings in Civil Action Nos. 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291 Pending Chief Judge Volk's Immediate De Novo Review of All Pending Rule 72(a) Objections. (btm) |
| 05/21/2026 | 21 | OBJECTION to Magistrate Judge's 18 Order; with Notice of Judicial Council Complaint Proceedings by Magus Jamye Reficul Ahnend. (btm) |
| 05/21/2026 | 22 | ALIFICATION by Magus Jamye Reficul Ahnend of Judge Magistrate Judge Omar J. Aboulhosn Pursuant to 28 U.S.C. §§ 455(a), 455(b)(1), and 144; with Supplemental Affidavit; Cross-Case Chronological ECF Record (Appendix A) Directed to Chief Judge Frank W. Volk. (btm) |
| 06/01/2026 | 23 | SUMMONS RETURNED EXECUTED by U. S. Marshal for service upon Sheila Johnson, re: 17 Summons Issued on 2 Complaint. Sheila Johnson served on 5/27/2026, answer due 6/17/2026. Person Served: Sheila Johnson. (btm) |
| 06/01/2026 | 24 | SUMMONS RETURNED EXECUTED by U. S. Marshal for service upon Judge Matthew Fragile, re: 17 Summons Issued on 2 Complaint. Judge Matthew Fragile served on 5/27/2026, answer due 6/17/2026. Person Served: Sheila Johnson. (btm) |
| 06/01/2026 | 25 | SUMMONS RETURNED EXECUTED by U. S. Marshal for service upon Robert Donelow, re: 17 Summons Issued on 2 Complaint. Robert Donelow served on 5/27/2026, answer due 6/17/2026. Person Served: Jeanie Campbell. (btm) |
| 06/01/2026 | 26 | SUMMONS RETURNED EXECUTED by U. S. Marshal for service upon Jeannie Campbell, re: 17 Summons Issued on 2 Complaint. Jeannie Campbell served on 5/27/2026, answer due 6/17/2026. Person Served: Jeanie Campbell. (btm) |
| 06/01/2026 | 27 | SUMMONS RETURNED EXECUTED by U. S. Marshal for service upon Gavin G. Ward, re: 17 Summons Issued on 2 Complaint. Gavin G. Ward served on 5/27/2026, answer due 6/17/2026. Person Served: Gavin Ward. (btm) |

6/2/26, 12:59 AM

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/02/2026 00:55:49 | | | |
| **PACER Login:** | MareSerenitatis12 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:26-cv-00281 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

https://ecf.wvsd.uscourts.gov/cgi-bin/DktRpt.pl?177964146754339-L_1_0-1

# EXHIBIT C

5/20/26, 3:58 PM

WVSD NexGen CM/ECF Release 1.7.1

**Query    Reports    Utilities    Help    Log Out**

25BG,LC-2

# United States District Court
## Southern District of West Virginia (Beckley)
## CIVIL DOCKET FOR CASE #: 5:26-cv-00291

Ahnend v. Houck et al
Assigned to: Chief Judge Frank W. Volk
Referred to: Magistrate Judge Omar J. Aboulhosn
Cause: 42:1983 Civil Rights Act

Date Filed: 04/24/2026
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

## Plaintiff

**Magus Jamye Reficul Ahnend**

represented by **Magus Jamye Reficul Ahnend**
107 Murray Street
Beckley, WV 25801
681-296-7304
PRO SE

V.

## Defendant

**Todd Houck**
*Substitute Trustee, Attorney*

## Defendant

**Ocie Helton**

## Defendant

**Michael Froble**
*14th Circuit Court Judge*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/24/2026 | 1 | APPLICATION by Magus Jamye Reficul Ahnend to Proceed without Prepayment of Fees or Costs. (Attachment: # 1 Exhibit - Social Security Benefit Letter) (msa) (Modified on 4/24/2026 to update security of exhibit) (msa). |
| 04/24/2026 | 2 | COMPLAINT without Jury Demand. (Attachments: # 1 Exhibits A - J, # 2 Exhibits K - T, # 3 Exhibit U, # 4 Exhibits V - X, # 5 Exhibits AA - AH, # 6 Proposed Summonses) (msa) |
| 04/24/2026 | 3 | MOTION by Magus Jamye Reficul Ahnend for Leave to Register for and Use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant, with Request for ADA Reasonable Accommodation. (msa) |
| 04/24/2026 | 4 | STANDING ORDER IN RE: ASSIGNMENT AND REFERRAL OF CIVIL ACTIONS AND MATTERS TO MAGISTRATE JUDGES ENTERED SEPTEMBER 1, 2024. This case is referred to Magistrate Judge Omar J. Aboulhosn for Findings of Fact and Recommendations for disposition. (cc counsel of record; any pro se party) (msa) |

5/20/26, 3:58 PM                    WVSD NextGen CM/ECF Release 1.7.1

| 04/24/2026 | | CASE assigned to Chief Judge Frank W. Volk. (klc) (Entered: 04/27/2026) |
|---|---|---|
| 04/27/2026 | 5 | AMENDED COMPLAINT without Jury Demand by Magus Jamye Reficul Ahnend against Todd Houck, Ocie Helton, Michael Froble. (Attachments: # 1 Exhibits A - J, # 2 Exhibits K - T, # 3 Exhibits U - AL, # 4 Proposed Summons) (msa) |
| 04/29/2026 | 6 | PROPOSED FINDINGS AND RECOMMENDATION It is RECOMMENDED that the District Court DENY 1 APPLICATION by Magus Jamye Reficul Ahnend to Proceed without Prepayment of Fees or Costs, DISMISS Plaintiff's 2 Complaint and 5 Amended Complaint, and remove this matter from the Court's docket. If the PF&R was served electronically, Objections are due by 5/13/2026. If the PF&R was served by mail, Objections are due by 5/18/2026. Signed by Magistrate Judge Omar J. Aboulhosn on 4/29/2026. (cc: Plaintiff) (mfo) |
| 04/29/2026 | 7 | ORDER denying as moot 3 MOTION by Magus Jamye Reficul Ahnend for Leave to Register for and Use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant, with Request for ADA Reasonable Accommodation. Signed by Magistrate Judge Omar J. Aboulhosn on 4/29/2026. (cc: Plaintiff) (mfo) |
| 05/01/2026 | 8 | OBJECTIONS to 6 Proposed Findings and Recommendations by Magistrate Judge and 7 Order (msa) |
| 05/01/2026 | 9 | MOTION by Magus Jamye Reficul Ahnend for Recusal and Disqualification of Magistrate Judge Omar J. Aboulhosn Pursuant to 28 U.S.C. §455(a) and 144. (msa) |
| 05/08/2026 | 10 | MOTION by Magus Jamye Reficul Ahnend to Consolidate Cases 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291 Pursuant to Fed. R. Civ. P. 42(a). (Attachment: # 1 Envelope) (btm) |
| 05/11/2026 | 11 | SECOND MOTION by Magus Jamye Reficul Ahnend to Consolidate Cases 5:26-cv-00199, 5:26-cv-00281 and 5:26-cv-00291. (Attachment: # 1 Envelope) (msa) |
| 05/13/2026 | 12 | THIRD MOTION by Magus Jamye Reficul Ahnend to Consolidate Cases 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291 Pursuant to Fed. R. Civ. P. 42(a). (Attachment: # 1 Envelope) (btm) |
| 05/15/2026 | 13 | MOTION by Magus Jamye Reficul Ahnend for Appointment of Pro Bono Counsel Pursuant to 28 U.S.C. §1915(e)(1). (Attachment: # 1 Envelope) (msa) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/20/2026 15:58:25 | | |
| **PACER Login:** MareSerenitatis12 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 5:26-cv-00291 |
| **Billable Pages:** 2 | **Cost:** | 0.20 |



Magus Ahnend
107 MURRAY ST
BECKLEY WV 25801-3824

9402 6501 0579 4000 1500 39

**ARTICLE NUMBER**
9402 6501 0579 4000 1500 39

**FEES**
Postage Per Piece          7.66
Certified Fee              5.30
**Total Postage & Fees:   $13.90**

**ARTICLE ADDRESS TO:**
CLERK, UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
LEWIS F. POWELL JR. UNITED STATES COURTHOUSE
1100 E MAIN ST STE 501
RICHMOND VA 23219-3538

RE: EMERGENCY PET
Requested - Impending



RECEIVED
U.S. MARSHALS

how2r

$13.90⁰
US POSTAGE IMI
PRIORITY MAIL
COMMERCIAL
FROM 25801
06/02/2026
Stamps.com

CLERK, UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
LEWIS F. POWELL JR. UNITED STATES COURTHOUSE
1100 E MAIN ST STE 501
RICHMOND VA 23219-3538

TION FOR WRIT OF MANDAMUS & IFP APPLICATION (Urgent Review
ower Court Deadlines)